UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES LEE BUTCHER,

    Plaintiff,

v.

CITY OF ALMA, et al.,

    Defendants.

_____/

Case No. 16-cv-11106
Honorable Thomas L. Ludington

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
AND DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE**

Plaintiff James Lee Butcher initiated the above-captioned matter by filing his complaint on March 28, 2016 against Defendants Gratiot County, City of Alma, Eric Leonard, Adam Walter, and Brian Fox. Plaintiff alleges that Defendants violated the Fourth Amendment pursuant to 42 U.S.C. § 1983 by unlawfully seizing him for allegedly failing to pay child support. *See* Compl., ECF No. 1. Plaintiff also asserts claims of false arrest and imprisonment and gross negligence against all Defendants, and a claim pursuant to *Monell v. Department of Social Services of New York,* 436 U.S. 658 (1978) against Defendants Gratiot County and the City of Alma. *Id.* Defendants Gratiot County, Eric Leonard, and Brian Fox have since been dismissed from the case. *See* ECF Nos. 23 & 33. Accordingly, Defendants Adam Walter and City of Alma are therefore the only remaining defendants in this action.

On March 13, 2017 Defendants Walter and City of Alma filed a motion for summary judgment. *See* ECF No. 37. Defendants argue that Plaintiff's claims must be dismissed because he was arrested pursuant to an outstanding bench warrant. For the reasons stated below, Defendants' motion will be granted and the claims set forth in Plaintiff's complaint will be dismissed with prejudice.

**I.**

Plaintiff James Lee Butcher is a resident of Alma, Michigan. *See* Butcher Dep. 15, ECF No. 37-5. At the time of the relevant events, Defendant Adam Walter was employed by the City of Alma Police Department. *See* Walter Dep. 11, ECF No. 37-2. Walter was assigned to a multi-jurisdiction task force – the Mid-Michigan Area Group Narcotics Enforcement Team ("MAGNET") – along with Detective Eric Leonard and Sergeant Brian Fox. *See* Walter Dep. 12-13. The MAGNET officers worked in plain clothes and were assigned unmarked state vehicles. *Id*. at 13, 25.

**A.**

On December 28, 2014, the Family Division of the 29th Circuit Court in Gratiot County, Michigan, issued an order directing Plaintiff Butcher to appear and show cause as to why he should not be held in contempt for failure to pay $191.28 in past-due child support. *See* Mot. & Order, ECF No. 37-7. The hearing was scheduled for January 27, 2015 at 2:30 PM, and the order explained as follows:

> The Friend of the Court will meet with individuals for Court from 9:00 a.m. until 12:00 noon. If arrangements for payment on your file are not successful, your hearing [will] be held before the Circuit/Probate Court Judge as noted above. If the named party fails to appear, he/she may be found in contempt and a bench warrant may be issued for his/her arrest. If contempt is found, the court may apply any enforcement remedy allowed under law.

*Id*. The order was signed by Gratiot County Probate Judge Kristin M. Bakker. *Id*. A nearly identical, "Amended" show cause order was entered on January 16, 2015, again stating that Plaintiff owed $191.28 in child support and again directing him to appear on January 27, 2015. It is not immediately apparent why the amended order was necessary, and the parties do not provide any possible rationale. The issuance of the amended order is ultimately irrelevant,

however, as Plaintiff acknowledged that he received a copy of the show cause order. *See* Butcher Dep. 123-24.

In response to the order Butcher visited the Friend of Court office in the Gratiot County courthouse in order to pay the past-due child support on January 27, 2017 at around 10:30 or 11:00 a.m.. *See* Butcher Dep. 19. Plaintiff received a receipt from the Friend of Court showing that he had paid $191.28. *See* Receipt, ECF No. 44-4. Having paid the delinquent amount, Plaintiff left without attending the hearing. *See* Butcher Dep. 24.

Despite Plaintiff's payment, on January 28, 2015 Judge Bakker entered a support enforcement order against Butcher after he failed to appear at the January 27, 2015 hearing. *See* Support Enforcement Order, ECF No. 37-3. The order noted that Butcher had failed to appear as ordered, and noted that he owed $308.28 in past-due support. *Id*. The judge then issued a bench warrant for Butcher's arrest. *See* Bench Warrant, ECF No. 37-4. The warrant directed that Butcher be brought before the court immediately, or released upon the posting of a $500.00 cash-performance bond. *Id*. At 11:46 a.m. the warrant for Plaintiff's arrest was entered into the Law Enforcement Information Network ("LIEN"). *See* ECF No. 37-12.

Later that same day, Judge Bakker issued an order recalling and discharging the bench warrant based on Plaintiff's payment of $191.28 to the Friend of Court. *See* ECF No. 37-4. The order advised Plaintiff that after making payments in the future he should "speak with his caseworker to make sure he is taken off of the docket." *Id*. The order noted that Plaintiff still owed $117.00 in past-due child support, and adjourned the hearing on the support enforcement order to February 10, 2015. *Id*.

**B.**

In the meantime, during the early afternoon of January 28, 2017, Defendant Walter and Deputy Leonard ran a LIEN search for outstanding warrants *See* Walter Dep. 21. The LIEN search revealed the outstanding bench warrant for Plaintiff Butcher's arrest. *Id.* at 21. At around 3:00 p.m. that afternoon, Detective Leonard advised Walter that he had observed Plaintiff Butcher as a passenger in a Jeep pulling into a B&P gas station. *See Id*. at 25; Butcher Dep. 26. Defendant Walter therefore drove to the B&P gas station, where he observed Butcher exiting the store with a carton of milk for his wife, who was the driver of the Jeep. *See* Walter Dep. at 26. Sergeant Brian Fox also arrived on the scene around the same time. *Id*. at 27.

Upon observing Plaintiff Butcher, Defendant Walter exited his vehicle, walked over to Butcher, and informed him that there was a warrant for his arrest for failure to pay child support. *Id*. at 29. Butcher disputed the validity of the warrant, arguing that he had paid the past-due child support and had receipts at his house to prove it. *See* Butcher Dep. 55. While this conversation took place, Detective Leonard and Sergeant Fox moved their vehicles so as to prevent Plaintiff's Jeep from leaving the scene. *See* Butcher Dep. 50-51. Sergeant Fox then called Central Dispatch in order to confirm the validity of the warrant. *See* Dispatch Call, ECF No. 37-14. Central Dispatch confirmed that the bench warrant had been entered that day, was valid on its face, and remained outstanding. *Id*. Defendant Walter therefore arrested Plaintiff Butcher and drove him to the Gratiot County jail. *See* ECF No. 37-3.

Plaintiff Butcher was detained at the jail for approximately two hours before being released, and no criminal charges were ever issued against Plaintiff. In response, Plaintiff initiated the present lawsuit.

**II.**

Defendants Adam Walter and City of Alma now move for summary judgment as to Plaintiff Butcher's remaining claims. A motion for summary judgment should be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the initial burden of identifying where to look in the record for evidence "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the opposing party who must set out specific facts showing "a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (citation omitted). The opposing party may not rest on its pleadings, nor "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal quotations omitted). The Court must view the evidence and draw all reasonable inferences in favor of the non-movant and determine "whether the evidence presents a sufficient disagreement to require submission to a [fact-finder] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251-52.

**A.**

Plaintiff's first remaining claim is a false arrest claim against Defendant Walter pursuant to 42 U.S.C. § 1983. "A plaintiff proceeding under § 1983 must establish that a person acting under color of state law deprived him of a right secured by the Constitution or by federal law." *Hoover v. Walsh*, 682 F.3d 481, 492 (6th Cir. 2012). At the summary judgment stage, the non-moving party bears the burden of demonstrating "a genuine issue of material fact as to the following two elements: 1) the deprivation of a right secured by the Constitution or laws of the United States and 2) that the deprivation was caused by a person acting under color of state law.

*Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quotations and citations omitted). Because there is no dispute that Defendant Walter was acting under the color of state law, only the first prong is at issue in this case.

The question therefore becomes whether Defendant Walter deprived Plaintiff of a right secured by the Constitution by arresting him. "A false arrest claim under federal law requires a plaintiff to prove that the arresting officer lacked probable cause to arrest the plaintiff." *Voyticky v. Vill. of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005). "An arrest pursuant to a facially valid warrant is normally a complete defense to a federal constitutional claim for false arrest or false imprisonment made pursuant to § 1983." *Id.* In order to overcome this complete defense, a Plaintiff must prove by a preponderance of the evidence that Defendant "knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *See Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010).

Plaintiff does not argue that Defendant Walters played any role whatsoever in procuring the bench warrant. Nor does Plaintiff argue that the bench warrant was facially invalid. Instead, Plaintiff argues that Defendant Walter should have investigated his assertions of innocence. However, "police and correction employees may rely on facially valid arrest warrants even in the face of vehement claims of innocence by reason of mistaken identity or otherwise." *Masters v. Crouch*, 872 F.2d 1248, 1253 (6th Cir. 1989) (citing *Baker v. McCollan*, 443 U.S. 137, 145 (1979) ("we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent.")). In the present case, not only did the arresting officers arrest Plaintiff to a facially valid arrest warrant reflected in the LIEN system,

they also called central dispatch in order to confirm the validity of the warrant. The law did not require the officers to conduct any further investigation. Summary judgment on Plaintiff's § 1983 claim will be granted in Defendant Walter's favor.

**B.**

Plaintiff also asserts state law claims of false arrest and false imprisonment against Defendant Walter. A plaintiff asserting a false arrest claim under Michigan state law must show that the arrest was not made pursuant to legal authority, i.e., not based on probable cause or pursuant to a valid warrant. *See Peterson Novelties, Inc. v. City of Berkley*, 672 N.W.2d 351, 362 (Mich. Ct. App. 2003) (citing *Lewis v. Farmer Jack Div., Inc.*, 327 N.W.2d 893, 894 (1982)). The ultimate guilt or innocence of the arrestee is irrelevant. *Id.* Like under federal law, an officer is not liable for arresting a suspect pursuant to a facially valid warrant unless the arresting party was responsible for wrongfully instigating issuance of the warrant. *See Flones v. Dalman,* 502 N.W.2d 725, 729 (Mich. Ct. App. 1993).

Because the bench warrant issued for Plaintiff's arrest was facially valid, and because Defendant Walters played no role in procuring the warrant, Plaintiff's false arrest claim is without merit. And because Defendant's restraint of Plaintiff was not unlawful, his false imprisonment claim is without merit. *See Peterson Novelties*, 672 N.W.2d at 362. Summary judgment will therefore be granted in Defendant Walter's favor as to each claim.

**C.**

In Count III of his complaint, Plaintiff asserts a *Monell* claim against Defendant City of Alma. However, because Plaintiff has not demonstrated that he was subjected to any constitutional injury, he cannot establish that a policy or custom of the City of Alma was the

driving force behind a constitutional injury under § 1983. *See Monell*, 436 U.S. at 690. His claim against Defendant City of Alma is therefore without merit.

**D.**

In the final count of his complaint, Plaintiff asserts that Defendant Walter was grossly negligent in arresting him without investigating his assertions of innocence, and is not protected by qualified immunity under Michigan Compiled Law 691.1407(2). This claim is without merit. First, Defendant Walter had no duty to investigate Butcher's claims of innocence given the existence of a facially valid bench warrant. *See Baker*, 443 U.S. at 145. He therefore did not *breach* any duty by declining to investigate Plaintiff's claims of innocence. Second, because Defendant Walter was acting reasonably and within the scope of his authority in arresting Plaintiff pursuant to a facially valid warrant, he is immune from tort liability. *See* Mich. Comp. Law 691.1407(2).

**III.**

Accordingly, it is **ORDERED** that Defendants' motion for summary judgment, ECF No. 37, is **GRANTED.**

It is further **ORDERED** that the claims set forth in Plaintiff's complaint, ECF No. 1, are **DISMISSED with prejudice.**

Dated: May 16, 2017　　　　　　　　　　　　　　　s/Thomas L. Ludington
　　　　　　　　　　　　　　　　　　　　　　　　THOMAS L. LUDINGTON
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 16, 2017.

　　　　　　　　　　　　　s/Kelly Winslow
　　　　　　　　　　　　　Case Manager